# United States Court of Appeals for the Fifth Circuit

No. 25-10662
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 7, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROMELIA FLORES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:17-CR-42-2

Before WIENER, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant Romelia Flores, federal prisoner # 83652-408, appeals the denial of her motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Flores is currently serving a 210-month sentence for conspiracy to commit money laundering.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-10662

On appeal, Flores argues that the district court made erroneous factual findings regarding the extraordinary and compelling reasons warranting relief; gave improper weight to her delay in perceiving alleged sexual abuse; and failed to consider her allegations of retaliation and constitutional violations. As to the district court's consideration of the 18 U.S.C. § 3553(a) factors, she contends that the district court improperly focused on her alleged cartel tie and the quantity of drugs for which she was held accountable and did not consider any other factors. She contends that there was no evidence in the record establishing that she had a direct cartel tie, that she gained no profit from the offense, and that the drug conspiracy underlying the money laundering offense was based on unproven quantities of "phantom methamphetamine."

We review the denial of compassionate release for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Here, after making factual findings regarding the offense that were supported by the record, the district court conducted an independent review of the applicable § 3553(a) factors and determined that Flores was not entitled to relief because a sentence reduction "would not reflect the seriousness of her conduct, promote respect for the law, provide just punishment for the offense, adequately deter criminal conduct, or protect the public" from her further crimes. *See* 18 U.S.C. §§ 3553(a)(1), (2). Although the analysis did not explicitly discuss all the § 3553(a) factors, it showed that the district court "relied upon the record, while making clear that [the court] has considered the parties' arguments and taken account of the § 3553(a) factors." *Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018). Flores's disagreement with the district court's balancing of the § 3553(a) factors is insufficient to show an abuse of discretion. *See Chambliss*, 948 F.3d at 694.

Because the district court's independent consideration of the § 3553(a) factors provides a sufficient basis for affirmance, we need not

No. 25-10662

consider Flores's arguments concerning extraordinary and compelling reasons. *See United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022). The order of the district court is AFFIRMED.